Wendy Park (Cal. Bar No. 237331)
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Suite 375
Oakland, CA 94612
Phone: 510-844-7138
Email: wpark@biologicaldiversity.org

Brandon Jones-Cobb (AK Bar No. 1610078)
(*pro hac vice*)
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 30604
Seattle, WA 98113-0604
Phone: 564-397-0830, ext. 478
Email: bjonescobb@biologicaldiversity.org

*Attorneys for Plaintiffs Center for Biological Diversity and Sierra Club*

Nathaniel Shoaff (Cal. Bar No. 256641)
Elizabeth Benson (Cal. Bar No. 268851)
SIERRA CLUB
2101 Webster Street, Suite 1300
Oakland, CA 94612
Phone: 415-977-5610
Email: nathaniel.shoaff@sierraclub.org
Email: elly.benson@sierraclub.org

*Attorneys for Sierra Club*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| | Civil Action No. 3:25-cv-10793-JSC |
| CENTER FOR BIOLOGICAL DIVERSITY and SIERRA CLUB, | **MOTION FOR PARTIAL STAY OF PROCEEDINGS** |
| *Plaintiffs*, | Judge: Hon. Jacqueline Scott Corley |
| v. | **Date:** April 30, 2026 |
| UNITED STATES DEPARTMENT OF THE INTERIOR, et al. | **Time:** 10:00 am |
| | **Location:** San Francisco Courthouse, 450 Golden Gate Ave., Courtroom 8. |
| *Defendant*s. | |

Plaintiffs Center for Biological Diversity and Sierra Club move for a partial stay of further proceedings on Claims One and Two of Plaintiffs' First Amended and Supplemental

MOTION FOR PARTIAL STAY OF PROCEEDINGS
Civil Action No. 3:25-cv-10793-JSC

1

Complaint for Declaratory and Injunctive Relief (hereinafter "Amended Complaint") (*see* Dkt. 22, Att. A). Plaintiffs have requested that the Court hear this motion on April 30, 2026.

This action concerns two U.S. Department of Interior (Interior) rulemakings that rescinded longstanding regulations implementing the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq.,* and replaced those regulations with internal agency guidance, resulting in the evisceration of the public's right to participate in environmental reviews of logging, mining, drilling, road construction, and other projects on federal public lands. Plaintiffs challenged the first of these rulemakings—titled an "Interim Final Rule" and issued on July 3, 2025—in their Original Complaint for Declaratory and Injunctive Relief (Dkt. 1). The Complaint alleged that Interior violated the Administrative Procedure Act (APA) by (1) making the Interim Final Rule immediately effective, without first providing an opportunity for public comment; and (2) by failing to provide a reasoned explanation for the removal of public participation requirements from its NEPA procedures. Interior then issued a second rule—titled a "Final Rule" and published on February 24, 2026—that partially addressed comments the Department had solicited following the Interim Final Rule and, as relevant here, broadly retained the prior rule's regulatory changes. Plaintiffs then filed their Unopposed Motion for Leave to File First Amended and Supplemental Complaint for Declaratory and Injunctive Relief retaining the claims against the Interim Final Rule and adding two additional claims against the Final Rule (Dkt. 22, Att. A, ¶¶ 104-113). As explained below, Plaintiffs now file this motion requesting that the Court stay further proceedings on claims challenging the Interim Final Rule pending resolution of claims against the Final Rule.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'**

**MOTION FOR STAY**

### I.    Legal and Factual Background

NEPA declares a national policy "to promote efforts which will prevent or eliminate damage to the environment and biosphere." 42 U.S.C. § 4321. NEPA's "twin aims" are to ensure each Federal agency "consider[s] every significant aspect of the environmental impact

of a proposed action" and "inform[s] the public that it has indeed considered environmental concerns in its decisionmaking process." *Balt. Gas & Elec. Co. v. NRDC*, 462 U.S. 87, 97 (1983). Accordingly, NEPA establishes "a set of 'action-forcing' procedures that require that agencies take a 'hard look' at environmental consequences" before committing to a proposed action. *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 350 (1989) (citing *Kleppe v. Sierra Club*, 427 U.S. 390, 410 n.21 (1976)). To accomplish these goals, each Federal agency must "develop methods and procedures, in consultation with the Council on Environmental Quality … which will ensure that presently unquantified environmental amenities and values may be given appropriate consideration in decisionmaking along with economic and technical considerations." 42 U.S.C. § 4332(2)(B).

Plaintiffs challenge two interrelated rulemakings—promulgated approximately eight months apart—that enacted significant revisions to Interior's NEPA procedures: an "Interim Final Rule" issued on July 3, 2025, 90 Fed. Reg. 29498; and, a "Final Rule" issued on February 24, 2026, 91 Fed. Reg. 8738. The two rules were issued via an inverted rulemaking process, whereby Interior first made the Interim Final Rule's regulatory changes immediately effective, offered a 30-day comment period on those changes, and then issued a Final Rule addressing the comments it deemed pertinent and "affirming" the Interim Final Rule. 91 Fed. Reg. at 8741, 8748. Plaintiffs' Complaint (Dkt. 1) asserted two claims against the Interim Final Rule: first, that making it immediately effective ran afoul of the Administrative Procedure Act's (APA) notice-and-comment rulemaking requirements ("Claim One"); and, second, that the Interim Final Rule's changes to longstanding procedures for soliciting public input in NEPA reviews was arbitrary and capricious ("Claim Two").

Following Interior's issuance of the Final Rule, Plaintiffs have moved to amend and supplement their complaint to incorporate additional claims against the subsequent rulemaking (Dkt. 22). Specifically, Plaintiffs allege that Interior violated the APA by: failing to provide a reasoned explanation in the Final Rule for the elimination of longstanding public participation requirements from NEPA procedures ("Claim Three"); and failing to respond to adverse comments solicited after the Interim Final Rule went into effect ("Claim Four").

MOTION FOR PARTIAL STAY OF PROCEEDINGS
Civil Action No. 3:25-cv-10793-JSC

3

**II.    The Court Should Stay Proceedings on Claims One and Two**

Plaintiffs' Amended Complaint preserves Claims One and Two challenging the Interim Final Rule, because vacatur of both the Final Rule and Interim Final Rule may be necessary to provide Plaintiffs complete and adequate relief. Accordingly, Plaintiffs seek to hold Claims One and Two in abeyance, until after the Court resolves Plaintiffs' claims against the Final Rule.

A district court has broad discretion to stay proceedings, incidental to the inherent power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706, (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, (1936)). When deciding motions to stay, courts consider the "competing interests" at stake, including: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward [without a stay], and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX , Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of Calif., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

Each of these factors supports granting a stay of Claims One and Two. First, given that the Interim Final Rule is currently superseded by the Final Rule, staying litigation of Claims One and Two will not result in harm to either Parties' interests. Plaintiffs also anticipate that their Final Rule claims can be resolved within a reasonable time, which would limit the duration of the stay.

Turning to the second factor, Plaintiffs would suffer hardship from being required to proceed without a stay. *CMAX*, 300 F.2d at 268. The Interim Final Rule enacted substantial changes to Defendants' NEPA public participation procedures—changes that Plaintiffs allege violated the APA—which the Final Rule "affirmed." Although the Final Rule states that it supersedes the Interim Final Rule, Plaintiffs' claims against the Interim Final Rule may be

MOTION FOR PARTIAL STAY OF PROCEEDINGS
Civil Action No. 3:25-cv-10793-JSC

4

necessary to restore the status quo ante. If the Court were to vacate the Final Rule, Plaintiffs are concerned that the Interim Final Rule could once again become the effective framework for Defendants' NEPA implementation. *See Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 672 F.3d 1160, 1165 (9th Cir. 2012) (noting vacatur resulted in reinstatement of prior rule "as a matter of law") (citing *Paulsen v. Daniels*, 413 F.3d 999, 1008 (9th Cir. 2005) ("The effect of invalidating an agency rule is to reinstate the rule previously in force.")). Since that earlier rulemaking enacted the same problematic procedures that Plaintiffs challenge in their claims against the Final Rule, a reversion to the Interim Final Rule would not fully redress Plaintiffs' injuries. Thus, if the Interim Final Rule were to become effective again, Plaintiffs fully intend to litigate Claims One and Two against it. Requiring Plaintiffs to defend or brief their claims challenging the Interim Final Rule when those claims are contingent on the disposition of their Final Rule claims would unnecessarily burden the Parties and the Court. *See also* Fed. R. Civ. P. 18(b) (allowing a plaintiff to "join two claims even though one of them is contingent on the disposition of the other").

For the same reasons, the "orderly course of justice" supports a stay. *CMAX*, 300 F.2d at 268. Plaintiffs' claims against the Interim Final Rule and the Final Rule include identical parties, rely on an overlapping Administrative Record, and turn on related legal issues (e.g., whether each rulemaking was reasonably explained). Resolving Plaintiffs' claims against the Final Rule could significantly narrow the scope of disputed issues related to its "Interim" predecessor. Accordingly, requiring the Parties to now brief dispositive motions on Claims One and Two could result in a significant and unnecessary expenditure of resources by the Parties and the Court. In contrast, holding Claims 1 and 2 in abeyance would postpone the resolution of claims that need not be resolved until the Court resolves Plaintiffs' claims against the Final Rule, thus preserving judicial resources.

### III.    Conclusion

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Stay Claims One and Two until the Court has fully resolved Plaintiffs' remaining claims, at which point the Parties could propose a schedule for resolving Claims

MOTION FOR PARTIAL STAY OF PROCEEDINGS
Civil Action No. 3:25-cv-10793-JSC

One and Two, to the extent resolution of those claims is still necessary.

Dated: March 25, 2026                    Respectfully submitted,

                                         /s/ *Brandon Jones-Cobb*

                                         Brandon Jones-Cobb (AK Bar No. 1610078)
                                         (*pro hac vice*)
                                         CENTER FOR BIOLOGICAL DIVERSITY
                                         P.O. Box 30604
                                         Seattle, WA 98113-0604
                                         Phone: 564-397-0830, ext. 478
                                         Email: bjonescobb@biologicaldiversity.org

                                         Wendy Park (Cal. Bar No. 237331)
                                         CENTER FOR BIOLOGICAL DIVERSITY
                                         2100 Franklin St., Suite 375
                                         Oakland, CA 94612
                                         Tel: 510-844-7138
                                         Email: wpark@biologicaldiversity.org

                                         *Attorneys for Plaintiffs Center for Biological Diversity and Sierra Club*

                                         Nathaniel Shoaff (Cal. Bar No. 256641)
                                         Elizabeth Benson (Cal. Bar No. 268851)
                                         SIERRA CLUB
                                         2101 Webster Street, Suite 1300
                                         Oakland, CA 94612
                                         Phone: 415-977-5610
                                         Email: nathaniel.shoaff@sierraclub.org
                                         Email: elly.benson@sierraclub.org

                                         *Attorneys for Sierra Club*