ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

JOHN K. HEISE
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
150 M Street, N.E.
Washington, DC 20002
John.Heise@usdoj.gov
(202) 598-3312

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and SIERRA CLUB, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, et al. <br><br> *Defendant*s. | Civil Action No. 3:25-cv-10793-JSC <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Judge: Hon. Jacqueline Scott Corley |

The Parties, by and through undersigned counsel of record, hereby submit the following Joint Case Management Statement for the above-captioned case. In accordance with Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California, Contents of Joint Case Management Statement, the Parties provide information as to the following 19 distinct topics:

1. <u>Jurisdiction and Service.</u> Defendants have been served and do not contest the propriety of venue. Defendants do contend, however, that Plaintiffs lack standing and the Court otherwise lacks jurisdiction over their claims. Plaintiffs contend that the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Joint Case Management Statement                                                          1

2.   Facts.  On January 20, 2025, President Trump issued Executive Order 14154, *Unleashing American Energy*, 90 Fed. Reg. 8,353 (Jan. 20, 2025). That order directed the Council on Environmental Quality ("CEQ") to "propose rescinding CEQ's [National Environmental Policy Act ("NEPA")] regulations" within 30 days. On February 25, 2025, CEQ issued an interim final rule removing its NEPA-implementing regulations from the Code of Federal Regulations effective April 11, 2025. 90 Fed. Reg. 10,610 (Feb. 25, 2025). CEQ later finalized that rule on January 8, 2026. 91 Fed. Reg. 618 (Jan. 8, 2026). On July 3, 2025, the Department of the Interior ("Interior") issued a separate interim final rule (hereinafter the "IFR") that partially rescinded its existing NEPA-implementing regulations, made updates to other parts of its regulations, and provided an explanation of the agency's basis for proceeding under an IFR. 90 Fed. Reg. 29,498 (July 3, 2025). On February 24, 2026, Interior adopted a final rule that affirmed Interior's adoption of the majority of changes introduced in the IFR, made certain targeted changes to the IFR, summarized Interior's revised NEPA Handbook, and addressed public comments. 91 Fed. Reg. 8,738 (Feb. 24, 2026). The foregoing facts are a matter of public record, and the Parties do not dispute them.

3.   Legal Issues.  Plaintiffs assert that Interior's issuance of an IFR violated the Administrative Procedure Act's ("APA"), notice-and-comment rulemaking procedures, and that the IFR itself lacked a reasoned explanation for the elimination of certain public participation procedures that existed under the agency's prior NEPA regulations, in violation of the APA and NEPA.  Plaintiffs further assert that Interior's Final Rule violated the APA because Interior (a) failed to provide a reasoned explanation for the curtailment of public participation requirements, and (b) failed to adequately respond to public comments. Defendants contend that, as a threshold matter, Plaintiffs lack standing and that the Court lacks subject matter jurisdiction over their claims.  Defendants further contend that any claims related to the IFR are moot in light of the issuance of the Final Rule, that the IFR process was consistent with the APA, that Interior provided a reasoned explanation for any changes to its NEPA procedures, and that the agency's current NEPA procedures are consistent with NEPA's statutory requirements.

Joint Case Management Statement                                                                            2

4.    Motions.

(a)    Plaintiffs have moved to stay their claims pertaining to the IFR.  Dkt. 23.

Defendants position is that any claims arising from the IFR are moot and should not be stayed.  However, if neither the Court nor Plaintiffs see fit to dismiss the claims pertaining to the IFR at this time, Defendants do not oppose staying these claims pending resolution of the motion(s) for summary judgment (based on defendant's understanding that the claims will later be subject to dismissal without additional briefing given that the IFR has no impact because it has been superseded).

Plaintiffs' position is that it is too early at this time to tell whether additional briefing will be required to resolve the status of the IFR claims, without first understanding the Court's remedial resolution of their claims on the final rule, including whether the Court vacates the final rule and reinstates the IFR.  These uncertainties justify a stay of the IFR claims until the Court resolves Plaintiffs' final rule claims.

(b)    Defendants contend that Plaintiffs lack standing to sue, fail to state a claim, and do not establish subject-matter jurisdiction.  Although Defendants reserve the right to move to dismiss under Rule 12, the Parties have discussed a briefing schedule that would entail proceeding directly to summary judgment.

Plaintiffs take the position that the most efficient approach to merits briefing would be proceeding directly to cross-motions for summary judgment and/or cross-motion to dismiss, as contemplated by Civil L.R. 16-5, given that all issues to be resolved in this case will be purely legal issues.  Civil L.R. 16-5 states that, in cases reviewed on an administrative record, after a defendant is served with the complaint, the defendant must "serve and file an answer, together with a certified copy of the transcript of the administrative record."   The plaintiff must then file a "motion for summary judgment," after which defendant must file an "opposition or counter-motion"—including presumably a cross-motion to dismiss and/or cross-motion for summary judgment—"within 28 days of service of plaintiffs' motion."  Civil L.R. 16-5.

( c )    Defendants propose (and request that the Court order) that Defendants' obligation to file an answer to the complaint be deferred in favor of resolving the case through summary

Joint Case Management Statement                                                                                    3

judgment briefing.  Should any issues remain after cross-motions for summary judgment are decided, the Parties will meet and confer regarding a schedule for Defendants to respond to any remaining relevant portions of the operative complaint.

5. Amendment of Pleadings.  Plaintiffs amended their Complaint in response to Interior's issuance of the Final Rule.  Dkt. No. 27.

6. Evidence Preservation.  The Parties have met and conferred and agree that this matter is an Action for Review on an Administrative Record, pursuant to Civil Local Rule 16-5. As such, Defendants have committed to preparing an administrative record, to be provided to Plaintiffs by April 17, 2026 (should Defendants elect to forgo a motion to dismiss under Rule 12).

7. Disclosures.  The Parties have met and conferred and agree that this matter is an Action for Review on an Administrative Record, pursuant to Civil Local Rule 16-5.  As such, the Parties agree that the initial disclosure requirements of Fed. R. Civ. P. 26 do not apply.

8. Discovery.   The Parties have met and conferred and agree that this matter is an Action for Review on an Administrative Record, pursuant to Civil Local Rule 16-5.  As such, Defendants will provide a certified copy of the administrative record to Plaintiffs by April 17, 2026 (should Defendants elect to forgo a motion to dismiss under Rule 12).  The Parties are not presently aware of any disputes as to the scope or contents of the administrative record.

9. Class Actions.  This matter is not a class action.

10. Related Cases.  *Center for Biological Diversity, et al. v. U.S. Department of Agriculture, et al.*, 3:26-cv-00866-JSC, also before this Court, is a related case.  *See* Dkt. No. 12.

11. Relief.  Plaintiffs seek declaratory relief that the IFR and Final Rule violate the APA and NEPA, vacatur of the IFR and Final Rule, injunctive relief ordering that Interior shall adhere to the agency's NEPA procedures concerning public participation that applied before the IFR took effect, and reasonable costs of litigation.

12. Settlement and ADR.  The Parties have met and conferred, and do not believe this matter is amenable to settlement or a negotiated resolution.  *See* Dkt. Nos. 16, 17.

13. Other References.  This matter is not suitable for reference to binding arbitration, a special master, or the JPML.

Joint Case Management Statement                                                          4

14.   Narrowing of Issues.  The issues in this matter are legal in nature and are presently not amenable to narrowing.

15.   Scheduling.  The Parties have met and conferred and agree that this matter is an Action for Review on an Administrative Record, pursuant to Civil Local Rule 16-5, which sets forth the applicable schedule.  The Parties have discussed a proposed schedule for consolidated summary judgment briefing on this matter and the related case.  *See* No. 19, below.

16.   Trial. The Parties have met and conferred and agree that this matter is an Action for Review on an Administrative Record, pursuant to Civil Local Rule 16-5, which does not provide for a trial.

17.   Disclosure of Non-party Interested Entities or Persons.  Defendants are not required to file a Certification of Non-party Interested Entities or Persons.  Plaintiffs have certified that they have no such entities or persons to report.

18.   Professional Conduct.  All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19.   Other Matters.  The Parties, in the interest of judicial efficiency, have discussed a briefing schedule that includes consolidated motions for summary judgment in this matter and the related matter, *Center for Biological Diversity, et al. v. U.S. Department of Agriculture, et al.*, 3:26-cv-00866-JSC.  USDA recently issued the Final Rule concerning the revision of its NEPA-implementing regulations.  *See* 91 Fed. Reg. 17,062 (April 3, 2026).  Plaintiffs plan to file a motion for leave to file an amended and supplemental complaint challenging USDA's final rule by May 8, 2026.  The two matters are related and present substantially similar legal issues such that a consolidated motion could promote judicial efficiency and conserve the Parties' and the Court's resources.  The Parties continue to discuss the details of this consolidated briefing schedule, but hope to file a stipulated request for a briefing schedule that outlines the details of this proposal in the coming days.

Respectfully Submitted this 8th of April, 2026.

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice

/s/ *John K. Heise*
John K. Heise (CA Bar No. 331615)
Trial Attorney
Environment & Natural Resources Division
Natural Resources Section
150 M Street, N.E.
Washington, D.C. 20002
(202) 598-3312
John.Heise@usdoj.gov

*Counsel for Defendants*

/s/ *Wendy Park* (with permission)
Wendy Park (Cal. Bar No. 237331)
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Suite 375
Oakland, CA 94612
Tel: 510-844-7138
Email: wpark@biologicaldiversity.org

Brandon Jones-Cobb (AK Bar No. 1610078)
(*pro hac vice*)
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 1178
Homer, AK 99603
Phone: 564-397-0830, ext. 478
Email: bjonescobb@biologicaldiversity.org

*Attorneys for Plaintiffs Center for Biological Diversity and Sierra Club*

Nathaniel Shoaff (Cal. Bar No. 256641)
Elizabeth Benson (Cal. Bar No. 268851)
SIERRA CLUB
2101 Webster Street, Suite 1300
Oakland, CA 94612
Phone: 415-977-5610
Email: nathaniel.shoaff@sierraclub.org
Email: elly.benson@sierraclub.org

*Attorneys for Sierra Club*

Joint Case Management Statement

6